**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re STEVEN WAYNE BONILLA cases | ) Case Nos. CV-18-7603-DMG (JPR),<br>) CV-18-7606-DMG (JPR), CV-18-7607-<br>) DMG (JPR), CV-18-7724-DMG (JPR),<br>) CV-18-7725-DMG (JPR), CV-18-7726-<br>) DMG (JPR), CV-18-7696-DMG (JPR),<br>) CV-18-7699-DMG (JPR), CV-18-7732-<br>) DMG (JPR), CV-18-7735-DMG (JPR),<br>) CV-18-7737-DMG (JPR), CV-18-8252-<br>) DMG (JPR), CV-18-8253-DMG (JPR),<br>) CV-18-8255-DMG (JPR), CV-18-8256-<br>) DMG (JPR), CV-18-8257-DMG (JPR),<br>) CV-18-8258-DMG (JPR), CV-18-8259-<br>) DMG (JPR), CV-18-8869-DMG (JPR)<br>)<br>)<br>) ORDER SUMMARILY DISMISSING<br>) COMPLAINTS AND PETITIONS FOR LACK<br>) OF JURISDICTION AND DECLARING<br>) PLAINTIFF/PETITIONER A VEXATIOUS<br>) LITIGANT |

**BACKGROUND**

On July 26, 2017, Steven Wayne Bonilla, a death-row prisoner convicted in Alameda County and housed in Marin County, filed what he styled as "Notice to the Court that the Judgment Is Void on Its Face." (See Bonilla v. Davis, No. CV-17-5536-DMG (JPR) (C.D. Cal. filed July 26, 2018), ECF No. 1 at 1.) The Court construed it as a petition for writ of habeas corpus by a person

in state custody under 28 U.S.C. § 2254. He sought his "immediate release" and claimed that if the Court "simply inspect[ed] the items admitted into evidence at trial (murder book)," it would see that a particular subpoena was "never admitted into evidence," making the murder conviction "void on its face." (No. 5536, ECF No. 1 at 2.)[1]

As noted, Bonilla was convicted in Alameda County (see id. (noting, "Re: Alameda County Superior Court Case No. H-12210-A")); see also Bonilla v. Davis, No. 08-CV-471-YGR, 2015 U.S. Dist. LEXIS 88254, at *1 (N.D. Cal. July 7, 2015), and is housed at San Quentin in Marin County (see No. 5536, ECF No. 1 at 1 (listing address)). In an order transferring the Petition to the Northern District, in which both of those counties lie, see 28 U.S.C. § 84(a), this Court noted that Bonilla was a "profligate filer" of "hundreds of lawsuits and habeas petitions throughout the Ninth Circuit in the past several years." (No. 5536, ECF No. 3 at 1-2.) The Court explained that a habeas petition must be filed in either the judicial district in which a petitioner is located or the district in which he was convicted and sentenced, see 28 U.S.C. § 2241(d), and accordingly transferred the matter to the Northern District. (No. 5536, ECF No. 3 at 2.) The Court also previously noted that he was represented by counsel in his habeas proceedings then pending in that District. (See Bonilla v. Davis, No. 17-CV-8126-DMG (JPR) (C.D. Cal. filed Nov. 9, 2017), ECF No. 7 at 2 n.1.) The Petition was thus terminated in

---

[1] Cases filed in this Court are initially cited in full. For the sake of brevity, subsequent references are to the last four digits of the case number.

this District on August 1, 2017.

Despite the Court's detailed explanation about its lack of jurisdiction, Bonilla subsequently filed 43 additional case-initiating documents in this District, all challenging his state murder conviction, and 24 of those cases have since been terminated. He currently has 19 cases pending in this Court, all filed from August to October of this year. He has not paid a filing fee for any of them, and because of his long history of filing frivolous actions, under 28 U.S.C. § 1915(g) he is not eligible for *in forma pauperis* status.[2] On September 10, 2018, this Court issued an Order to Show Cause Why Plaintiff Should Not Be Declared a Vexatious Litigant. Since then, Bonilla has filed responses in each of the cases listed in the Order (see infra sec. II.B.1) and numerous new case-initiating documents as well.[3]

---

[2] In some of his filings, Bonilla claims that he need not pay a filing fee because "NO FILING FEE is required when the Court is under a DUTY to vacate the judgment and to immediately release the innocent Petitioner pursuant to [356 F.2d 654; F.R.C.P. § 12(h)(3), 60(4) and (3) FRAUD UPON THE COURT]." (See, e.g., Bonilla v. Unknown, No. 18-CV-7606-DMG (JPR) (C.D. Cal. filed Aug. 30, 2018), ECF No. 6 (emphases in original).) That is, of course, incorrect. The case he cites, Smith v. Kansas, 356 F.2d 654 (10th Cir. 1966), has nothing to do with filing fees and was in any event decided in a different Circuit. Federal Rule of Civil Procedure 12(h)(3) is also not about filing fees; it states that a court must "dismiss the action" if it "determines at any time that it lacks subject-matter jurisdiction." Rule 60(b)(3) and (4) also does not concern filing fees but rather relates to relief from a final judgment if it is void or there has been fraud, misrepresentation, or misconduct.

[3] See Bonilla v. Ventura Cnty., No. 18-CV-08252-DMG (JPR) (C.D. Cal. filed Sept. 24, 2018), ECF No. 1 at 1 (arguing that "[t]he Court has NO POWER OR AUTHORITY in Petitioner's case to lawfully cite 28 USC § 1915(g) or petitioner's representation by counsel . . . or any other citings [sic] because it lacks [s]ubject [m]atter [j]urisdiction, [b]ut it has a DUTY, owed to the Petitioner, to pronounce the trial court's [j]udgment a

3

Each response to the Order to Show Cause contains the same baseless argument that "any judgment, order, or transfer by a court lacking subject matter jurisdiction is void on its face; and the [r]eviewing [c]ourt's jurisdiction is LIMITED to reversing the trial court's void judgment." (See, e.g., Bonilla v. Unknown, No. 18-CV-7603-DMG (JPR) (C.D. Cal. filed Aug. 30, 2018), ECF No. 5 at 1; Bonilla v. Unknown, No. 18-CV-7606-DMG (JPR) (C.D. Cal. filed Aug. 30, 2018), ECF No. 5 at 1.) This same argument is made in many of his initial complaints. (See, e.g., Compl. at 1-3, Bonilla v. Rosenbluth, No. 18-CV-7696-DMG (JPR) (C.D. Cal. filed Sept. 5, 2018), ECF No. 1 (noting that "this has []nothing to do with prison issues, conditions nor confinement[] . . . the judgment is void on its face . . . [n]o lawful jurisdiction of subject matter nor of person was, nor has been established on the record").) Neither Bonilla's responses to the Order to Show Cause nor the new case-initiating documents provide any persuasive or legitimate reason why he should not be deemed a vexatious litigant. To the contrary, they demonstrate why such an order is necessary.

---

NULLITY") (emphases in original); Bonilla v. L.A. Cnty., No. 18-CV-08253-DMG (JPR) (C.D. Cal. filed Sept. 24, 2018), ECF No. 1 at 1 (same); Bonilla v. Riverside Cnty., No. 18-CV-08256-DMG (JPR) (C.D. Cal. filed Sept. 24, 2018), ECF No. 1 at 1 (same); Bonilla v. San Luis Obispo Cnty., No. 18-CV-08259-DMG (JPR) (C.D. Cal. filed Sept. 24, 2018), ECF No. 1 at 1 (same); Bonilla v. San Bernardino Cnty., No. 18-CV-08255-DMG (JPR) (C.D. Cal. filed Sept. 24, 2018), ECF No. 1 at 1 (same); Bonilla v. Orange Cnty., No. 18-CV-08257-DMG (JPR) (C.D. Cal. filed Sept. 24, 2018), ECF No. 1 at 1 (same); Bonilla v. Santa Barbara Cnty., No. 18-CV-08258-DMG (JPR) (C.D. Cal. filed Sept. 24, 2018), ECF No. 1 at 1 (same); Bonilla v. L.A. Cnty., No. 18-CV-08869-DMG (JPR) (C.D. Cal. filed Oct. 15, 2018), ECF No. 1 at 2 (arguing that reviewing court has duty to overturn void judgment).

4

Accordingly, for the reasons discussed below, all pending petitions and complaints are DISMISSED for lack of jurisdiction, frivolousness, maliciousness, and failure to state a claim, and Bonilla is declared a vexatious litigant.

**BONILLA'S CLAIMS**

All of Bonilla's actions before this Court challenge his murder conviction and seek his "immediate[] release." (See, e.g., Compl. at 12, <u>Bonilla v. Pham</u>, No. 18-CV-07725-DMG (JPR) (C.D. Cal. filed Sept. 5, 2018), ECF No. 1.) He makes variations of the same arguments in virtually all of them, often including identical portions claiming that "[p]rosecution committed <u>FRAUD UPON THE COURT</u>" (<u>see, e.g.</u>, <u>id.</u> at 9 (emphasis in original)), he is attacking jurisdiction [of the trial court], not "the terms of the judgment nor the conditions of confinement" (<u>see, e.g.</u>, <u>id.</u> at 15), a subpoena from 1988 never existed and therefore all the evidence against him was tainted (<u>see, e.g.</u>, <u>id.</u> at 6-10), and a coroner's report was falsified (<u>see, e.g.</u>, <u>id.</u> at 7). The actions for the most part sue various judges and counties throughout California.

**DISCUSSION**

I.   <u>The Court Lacks Jurisdiction over Bonilla's Cases Because
     Challenges to a Criminal Judgment Must Be Brought in a
     Pending Habeas Action and Should Be Filed in the County of
     Conviction</u>

Numerous courts (including this one) have repeatedly advised Bonilla that any challenge to his state criminal judgment must be brought in his pending Alameda County federal habeas proceedings, in which he is represented by counsel. (<u>See, e.g.</u>, Order

5

Transferring Action at 1-2, <u>Bonilla v. All 58 Cntys.</u>, No.
18-3259-DMG (JPR) (C.D. Cal. June 1, 2018), ECF No. 3 (noting
that Bonilla is represented by counsel in pending habeas action
and that this Court lacks jurisdiction to consider his claims));
<u>Bonilla v. All 58 Cntys.</u>, No. 18-CV-02222-VC (PR), 2018 WL
2010950, at *1 (N.D. Cal. Apr. 30, 2018) (noting that challenges
to state criminal judgment must be brought in pending habeas
action).[4] Moreover, such challenges should be brought in Alameda
County, where he was convicted and sentenced, or Marin County,
where he is imprisoned. <u>See</u> 28 U.S.C. § 2241(d); <u>see also</u>
<u>generally</u> <u>Braden v. 30th Jud. Cir. Ct.</u>, 410 U.S. 484, 499 n.15
(1973); <u>Laue v. Nelson</u>, 279 F. Supp. 265, 266 (N.D. Cal. 1968);
<u>Dubinka v. Mendoza-Powers</u>, No. CV 08-02608-GPS (AN), 2008 WL
1944224, at *1 (C.D. Cal. May 2, 2008).

Nonetheless, Bonilla continues to file actions in this
Court. He claims that "[a] party cannot be precluded from
raising the question of jurisdiction at any time and in any
place. [67 F.R.D. 22; 148 Cal. App. 2d 845; 272 Cal. App. 2d
176, 48 U.S. 495]." (No. 7696, ECF No. 5 at 11.) He further
claims that "the [r]eviewing [c]ourt's jurisdiction is LIMITED to
reversing the trial court's void judgement. [35 Cal. 4th 180; 759
F.2d 809]." (<u>Id.</u> (emphasis in original).) But the cases Bonilla

---

[4] A review of the Northern District's docket shows that
Bonilla's federal habeas petition has been stayed as of December
13, 2016, so that he can exhaust claims in state court. (<u>See</u>
Status Rep. at 1, <u>Bonilla v. Davis</u>, No. 4:08-CV-00471 YGR (N.D.
Cal. Oct. 1, 2018), ECF No. 393.) A habeas petition has been
filed in the California Supreme Court and is pending. (<u>See id.</u>
at 2); <u>see also</u> Cal. App. Cts. Case Info., http://
appellatecases.courtinfo.ca.gov/ (search for "Steven" with
"Bonilla" in supreme court) (last visited Oct. 30, 2018).

cites do not support his contentions. In <u>Travis Mills Corp. v.</u>
<u>Square D. Co.</u>, 67 F.R.D. 22 (E.D. Pa. 1975), the court dismissed
the action (and vacated the jury's verdict) when it discovered
that no diversity jurisdiction existed. <u>See</u> <u>id.</u> at 27-28. That
holding bears little resemblance to Bonilla's argument that any
court can decide that his trial court lacked jurisdiction and
overturn its judgment. (<u>See</u> No. 7696, ECF No. 5 at 11.) The
second case he cites concerns a divorce judgment that was
remanded after the state court of appeal found that certain parts
of the judgment overreached the lower court's jurisdiction. <u>See</u>
<u>Carter v. Carter</u>, 148 Cal. App. 2d 845, 850 (1957). Again, that
situation is not comparable to the one here. The rest of the
cases he relies on are similarly irrelevant. Nowhere does he
cite any applicable authority giving this Court, which is in a
different county and district from the one where he was tried and
sentenced and where he resides, jurisdiction over claims
challenging his murder conviction. His contention that he can
raise the question of jurisdiction "in any place" (No. 7696, ECF
No. 5 at 11) simply has no basis in the law. Accordingly, his
pending cases, which all challenge his murder conviction from
Alameda County, must be dismissed for lack of jurisdiction as
well as for being frivolous and malicious and failing to state a
claim upon which relief may be granted.

II. Bonilla Is a Vexatious Litigant and Should Be Required To
    Obtain Leave of Court Before Filing Any Petition, Complaint,
    or IFP Application in This District

    A.  Legal standard

    Central District of California Rule 83-8 governs vexatious
litigants.  A vexatious-litigant order "shall be based on a
finding that the litigant to whom the order is issued has abused
the Court's process and is likely to continue such abuse, unless
protective measures are taken."  See C.D. Cal. R. 83-8.3.  A
district court should enter a prefiling order limiting a
litigant's access to the court only after a "cautious review of
the pertinent circumstances."  Molski v. Evergreen Dynasty Corp.,
500 F.3d 1047, 1057 (9th Cir. 2007) (per curiam); see also De
Long v. Hennessey, 912 F.2d 1144, 1149 (9th Cir. 1990) ("[O]rders
restricting a person's access to the courts must be based on
adequate justification supported in the record and narrowly
tailored to address the abuse perceived.").  But "[f]lagrant
abuse of the judicial process cannot be tolerated because it
enables one person to preempt the use of judicial time that
properly could be used to consider the meritorious claims of
other litigants."  De Long, 912 F.2d at 1148.

    A court must consider four factors in determining whether to
deem a litigant vexatious and issue a prefiling order.  See
Molski, 500 F.3d at 1056-58; De Long, 912 F.2d at 1147-48; Gray
v. California, No. CV 13-0742-JVS (SS), 2014 WL 1325312, at *4
(C.D. Cal. Apr. 2, 2014).

    First, the litigant must be given notice and a chance to
    be heard before the order is entered.  Second, the

8

district court must compile an adequate record for review. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

Molski, 500 F.3d at 1057 (citations omitted).

Although the first two factors are procedural in nature, the "latter two . . . are substantive considerations — that is, the factors help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing on the litigant's right to access the courts." Id. at 1057–58.

B. Analysis

Despite being advised in August 2017 that the Central District of California lacks jurisdiction over his claims, Bonilla has filed more than 40 case-initiating documents here since the start of 2018 alone, not to mention his numerous filings in pending and closed cases. Indeed, he has filed hundreds of lawsuits across the state, the vast majority of which have been dismissed as frivolous, malicious, or for failure to state a claim.[5]  See, e.g., Bonilla v. Davis, No. 16-CV-05046-VC,

_____

[5] The Court takes judicial notice of Bonilla's prior filings here as well as in other courts throughout the Ninth Circuit. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").  Bonilla has apparently filed photocopies of the same documents in various courts.  (See, e.g., Letter to Mr. Bonilla, Bonilla v. Unknown, 4:18-CV-5049-JSW (N.D.

9

2016 WL 5109995, at *1 & n.1 (N.D. Cal. Sept. 21, 2016)
(dismissing claim as frivolous and noting that Bonilla is
disqualified from proceeding IFP unless "under imminent danger of
serious physical injury" (citing § 1915(g)); In re Bonilla, Nos.
C 11-6306 CW (PR), C 11-6307 CW (PR), C 12-0026 CW (PR), C
12-0027 CW (PR), & C 12-0206 CW (PR), 2012 WL 216401, at *1, *3
(N.D. Cal. Jan. 24, 2012) (dismissing five civil-rights lawsuits;
noting Bonilla's litigation history in Northern District of
California, including dismissal of 34 pro se civil-rights actions
between June 1 and Oct. 31, 2011, alone; and reminding him that
he was no longer permitted to file civil actions IFP); In re
Bonilla, Nos. C 11-2808 CW (PR), C 11-2823 CW (PR), & C 11-2824
CW (PR), 2011 WL 2433380, at *2 (N.D. Cal. June 16, 2011)
(dismissing three civil-rights cases for failure to state claim
and noting 13 dismissals three days prior).

   In 2016, the Ninth Circuit barred Bonilla from filing any
pro se submissions for as long as he was represented by counsel
in the district court. (See Order, Bonilla v. Davis, No. 16-
73383 (9th Cir. Dec. 12, 2016), ECF No. 9.) The court did not
declare him a vexatious litigant but noted that he had previously
filed multiple unwarranted pro se challenges in that court to his
state-court murder conviction and death sentence. (See id.)[6] In

_____

Cal. filed Aug. 17, 2018), ECF No. 1 (noting that "[t]he
documents appear to be copies of the same document mailed to
multiple court locations").)

   [6] A review of the Ninth Circuit's docket shows that Bonilla
filed eight actions in that court before the prefiling order took
effect. (Cf. Order at 1, In re Bonilla, No. 15-16444 (9th Cir.
Oct. 21, 2015), ECF No. 4 (denying IFP status because Bonilla had
had "three or more prior actions or appeals dismissed as

10

2015, the Northern District of California declared Bonilla a
vexatious litigant and barred him from filing new pro se motions
(he continues to do so regardless).  See Bonilla, 2015 U.S. Dist.
LEXIS 88254, at *4-6; (see also Order at 1, Bonilla, No. 16-
73383, ECF No. 9 (noting that Bonilla had filed "more than 200
pro se filings [in district court], despite being represented by
counsel and despite orders directing [him to stop]")).  In 2013,
the Marin County Superior Court declared him a vexatious
litigant.  See Marin Cnty. Super. Ct. Pub. Index, http://
www.marincourt.org/PublicIndex (search for party "Steven Wayne
Bonilla" yielding case numbers) (last visited Oct. 30, 2018);
Marin Cnty. Super. Ct. Register of Actions, http://
apps.marincounty.org/BeaconRoa/BeaconROASearch.aspx (search for
case type and number CIV 1203101, with result showing that
Bonilla was declared vexatious on Feb. 20, 2013) (last visited
Oct. 30, 2018).

The actions at issue here are yet more examples of Bonilla's
flagrant and ongoing disregard for and abuse of the judicial
process.  Each of the Molski factors demonstrates that he is a
vexatious litigant.

    1.  *Notice and opportunity to be heard*

Adequate notice with an opportunity to be heard "is a core
requirement of due process."  Molski, 500 F.3d at 1058.  On
September 10, 2018, the Court issued an Order to Show Cause and
informed Bonilla that the Court would enter a vexatious-litigant
order against him unless he showed cause why the Court should not

frivolous, malicious, or for failure to state a claim").)

11

do so.  The Order discussed the legal and factual grounds for declaring him a vexatious litigant and described the consequences.  Bonilla filed what appear to be responses to the Order on October 1,[7] October 12,[8] and October 15, 2018.[9]  The responses filed on a given date are essentially identical to each other.  Bonilla also filed duplicate documents under each case number asserting that "NO FILING FEE is required when the court is under a DUTY to vacate the judgment and to immediately release the innocent Petitioner."  (See, e.g., No. 7603, ECF No. 6 at 1 (emphasis in original).)

Bonilla does not provide any new information in the objections and responses, repeating the same meritless arguments he has been making in his complaints and petitions.  He contends that he is "not challenging the terms of the judgment nor the conditions of confinement" but that "any order by a court lacking

---

[7] (See Bonilla v. Unknown, No. 18-CV-7607-DMG (JPR) (C.D. Cal. filed Aug. 30, 2018), ECF No. 5; Bonilla v. Ryan, No. 18-CV-7699-DMG (JPR) (C.D. Cal. filed Sept. 5, 2018), ECF No. 5; Bonilla v. Yabuno, No. 18-CV-7724-DMG (JPR) (C.D. Cal. filed Sept. 5, 2018), ECF No. 5; No. 7725, ECF No. 5; Bonilla v. Stafford, No. 18-CV-07726-DMG (JPR) (C.D. Cal. filed Sept. 5, 2018), ECF No. 5; Bonilla v. Wright, No. 18-CV-7732-DMG (JPR) (C.D. Cal. filed Sept. 5, 2018), ECF No. 4; Bonilla v. Duffy, No. 18-CV-7735-DMG (JPR) (C.D. Cal. filed Sept. 5, 2018), ECF No. 5; Bonilla v. Hill, No. 18-CV-7737-DMG (JPR) (C.D. Cal. filed Sept. 5, 2018), ECF No. 5.)

[8] (See No. 7607, ECF No. 8; No. 7699, ECF No. 8; No. 7725, ECF No. 8; No. 7726, ECF No. 8; No. 7732, ECF No. 7; No. 7735, ECF No. 8; No. 7737, ECF No. 8.)

[9] (See No. 7603, ECF No. 5; No. 7606, ECF No. 5; No. 7607, ECF No. 6; No. 7696, ECF No. 5; No. 7699, ECF No. 6; No. 7724, ECF No. 6; No. 7725, ECF No. 6; No. 7726, ECF No. 6; No. 7732, ECF No. 5; No. 7735, ECF No. 6; No. 7737, ECF No. 6;; Bonilla v. L.A. Cnty., No. 18-CV-8869-DMG (JPR) (C.D. Cal. filed Oct. 15, 2018), ECF Nos. 5-6.)

subject matter jurisdiction is void on its face," so the
reviewing court has a "duty to pronounce the trial court's
judgment a nullity." (See, e.g., No. 7603, ECF No. 5 at 1
(emphases omitted); No. 7606, ECF No. 5 at 1 (same).) He also
states that "[a] party cannot be precluded from raising the
question of jurisdiction at any time and in any place." (See,
e.g., No. 7603, ECF No. 5 at 1 (emphasis omitted); No. 7606, ECF
No. 5 at 1 (same).) The responses styled as objections and filed
on October 1 contain mostly the same content as the responses
filed on October 15, but the objections have lengthy attachments
containing repetitive and irrelevant material. (See, e.g., No.
7607, ECF No. 5 at 2, 7, 9-10, 12-14, 24, 30, 33, 37 (asserting
that alleged failure to enter 1988 subpoena into evidence
necessitates overturning his conviction), 5 (asserting that his
complaint about jurisdiction is "not a habeas corpus action"), 10
(arguing that he is "not challenging his conviction or sentence
but the decision/judgment of the court was rendered without
subject matter jurisdiction"); see also No. 7725, ECF No. 1 at 15
(asserting that he is attacking jurisdiction, not "the terms of
the judgment nor the conditions of confinement"), 6-10 (claiming
that missing subpoena necessitates overturning his conviction).)
Although Bonilla's responses to the Order to Show Cause fail to
provide any information that would warrant allowing him to
continue to file actions in this Court, he clearly has had
adequate notice and an opportunity to be heard.

        2.    *Record for review*

    "An adequate record for review should include a listing of
all the cases and motions that led the district court to conclude

13

that a vexatious litigant order was needed." De Long, 912 F.2d

at 1147. A district court need not list every case filed by a

litigant, but "the record needs to show, in some manner, that the

litigant's activities were numerous or abusive." Id.

Attached as Exhibit A is a record of Bonilla's cases from

the Central District's docket. Since mid-2017, he has initiated

at least 24 unsuccessful actions in this Court. Each was

dismissed for lack of jurisdiction and for being frivolous and

malicious and failing to state a claim. (See, e.g., Order Re

Request to Proceed Without Prepayment of Filing Fees, Bonilla v.

Unknown, No. CV-17-7757-DMG (JPR) (C.D. Cal. Oct. 27, 2017), ECF

No. 4 (noting that "his claims are nonsensical and frivolous").)

The at least 19 cases that remain pending before this Court are

equally meritless. Thus, the Court bases its findings on an

adequate record for review. See Molski, 500 F.3d at 1059

(finding that vexatious-litigant decision need not list every

case filed by litigant to be adequate); Gray, 2014 WL 1325312, at

*5 (finding that exhibit attaching docket record showing 19

unsuccessful actions was sufficient record for review).

       3. *Substantive findings regarding the frivolous and*
*harassing nature of Bonilla's litigation*

The Court's substantive findings regarding the nature of

Bonilla's filings "go[ ] to the heart of the vexatious litigant

analysis[.]" Molski, 500 F.3d at 1059. To decide whether a

litigant's actions are frivolous or harassing, a court must "look

at both the number and content of the filings as indicia of the

frivolousness of the litigant's claims." Stimac v. Wieking, 785

F. Supp. 2d 847, 854 (N.D. Cal. 2011) (citing Molski, 500 F.3d at

1058). A litigant's claims "must not only be numerous, but also
be patently without merit." <u>Molski</u>, 500 F.3d at 1059 (citing <u>Moy</u>
<u>v. United States</u>, 906 F.2d 467, 470 (9th Cir. 1990)). As
previously discussed, Bonilla's claims in this Court are both
numerous and meritless. Given the sheer quantity of his filings
(<u>see</u> Ex. A), it would be unduly burdensome to address the
specifics of each action. The following examples further
demonstrate the frivolousness and harassing nature of his
litigation in this Court:

   <u>Bonilla v. Unknown</u>, No. 17-CV-8202-DMG (JPR) (C.D. Cal.
filed Nov. 9, 2017). The Complaint argued that "all of the
Judges of the United States District Court" "aided, in collusion
with the civil conspiracy, to murder me by depriving me of my
guaranteed Constitutional Rights" and "must remove [themselves]
from the bench." (<u>Id.</u>, Compl. at 1-2, ECF No. 1.) In dismissing
the case for lack of jurisdiction, among other reasons, the Court
noted that Bonilla had filed "literally hundreds of lawsuits all
over the country" and "most of them ha[d] been dismissed as
frivolous, malicious/or [sic] for failure to state a claim."

   <u>Bonilla v. Alameda Cnty. Prosecutor Jon Goodfellows</u>, No. 18-
CV-00685-DMG (JPR) (C.D. Cal. filed Jan. 26, 2018). IFP status
was denied and the Complaint, which argued that Goodfellows
"fraudulently prosecuted the case against the Petitioner for a
crime that was never committed, nor ever existed" (<u>id.</u>, Compl. at
3, ECF No. 1), was dismissed for, among other reasons, being
"[f]rivolous, malicious, or fail[ing] to state a claim" and
"lack[ing] jurisdiction."

   <u>Bonilla v. Alvarez</u>, No. 18-CV-6574-DMG (JPR) (C.D. Cal.

15

filed July 31, 2018). IFP status was denied and the Complaint "raising jurisdictional question" and claiming that Defendant acted "in concert to aid in the Prosecution's [c]ivil [c]onspiracy to appease the news media" (id., Compl. at 3, ECF No. 1) was dismissed for, among other reasons, lack of jurisdiction and being "[a]ll three": "[f]rivolous, malicious, [and] fail[ing] to state a claim."

These examples reflect Bonilla's broader pattern of pursuing frivolous litigation in this Court. See Gray, 2014 WL 1325312, at *6 (using select examples to show pattern of frivolous and harassing litigation). To apparently no avail, this Court has informed him many times that any action challenging his murder conviction must be brought in his pending habeas proceedings, in which he is represented by counsel. Thus, substantive findings militate strongly in favor of limiting his ability to waste the Court's time and resources with future frivolous litigation.

      4. *Narrowly tailored vexatious-litigant order*

A prefiling order must be "narrowly tailored to the vexatious litigant's wrongful behavior." Molski, 500 F.3d at 1061. An order requiring a plaintiff to obtain leave of court to file any suit may be overbroad when the plaintiff has been litigious with only one group of defendants. See Moy, 906 F.2d at 470. Bonilla has filed frivolous and harassing lawsuits seeking relief from a statewide range of defendants. Moreover, he appears to have no connection to this jurisdiction. Under the circumstances, an order requiring him to obtain leave of court before filing any pro se complaint, petition, or IFP application is an appropriate and narrowly tailored course of action.

16

* * *

    For all these reasons, Bonilla has abused the Court's
process and is likely to continue to do so unless protective
measures are taken.

                                  **ORDER**

    For the foregoing reasons, the pending complaints and
petitions are DISMISSED with prejudice, Bonilla is deemed a
vexatious litigant, and the Clerk of the Court is directed not to
file any *pro se* petition, complaint, or IFP application from him
unless he has previously been granted leave to file the document
by a judge of this Court.  Bonilla must submit a copy of this
Order with any proposed filing.  See C.D. Cal. R. 83-8.2
(permitting Court to issue orders such as directives to Clerk not
to accept further filings from litigant without written
authorization from judge of Court or other such orders as
appropriate to control conduct of vexatious litigant).  The Clerk
is directed to administratively close all the pending complaints
and petitions.  LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: October 31, 2018           _Dolly M. Gee_____
                                  DOLLY M. GEE
                                  UNITED STATES DISTRICT JUDGE


Presented by:[10]

_Jean Rosenbluth_____
Jean Rosenbluth
U.S. Magistrate Judge

_____

    [10] See C.D. Cal. R. 72-3.2 (authorizing Magistrate Judge to
prepare summary-dismissal order for District Judge's signature).

**EXHIBIT A**

# Select A Case

**Steven Wayne Bonilla is a petitioner in 2 cases.**

| | | | |
|---|---|---|---|
| [2:17-cv-05536-DMG-JPR](#) | Steven Wayne Bonilla v. Ronald Davis | filed 07/26/17 | closed 08/01/17 |
| [2:17-cv-08126-DMG-JPR](#) | Steven Wayne Bonilla v. Ronald Davis et al | filed 11/07/17 | closed 11/20/17 |

# Select A Case

### Steven Wayne Bonilla is a plaintiff in 15 cases.

| | | | |
|---|---|---|---|
| [2:17-cv-07757-DMG-JPR](#) | Steven Wayne Bonilla v. Unknown | filed 10/24/17 | closed 10/27/17 |
| [2:17-cv-08202-DMG-JPR](#) | Steven Wayne Bonilla v. Unknown | filed 11/09/17 | closed 11/16/17 |
| [2:18-cv-00685-DMG-JPR](#) | Steven Wayne Bonilla v. Alameda County Prosecutor Jon Goodfellows et al | filed 01/26/18 | closed 02/05/18 |
| [2:18-cv-00728-DMG-JPR](#) | Steven Wayne Bonilla v. Jon Goodfellow et al | filed 01/29/18 | closed 02/01/18 |
| [2:18-cv-00988-DMG-JPR](#) | Steven Wayne Bonilla v. Santa Barbara County et al | filed 02/06/18 | closed 02/13/18 |
| [2:18-cv-07696-DMG-JPR](#) | Steven Wayne Bonilla v. Jean P. Rosenbluth et al | filed 09/05/18 | |
| [2:18-cv-07699-DMG-JPR](#) | Steven Wayne Bonilla v. William C. Ryan | filed 09/05/18 | |
| [2:18-cv-07732-DMG-JPR](#) | Steven Wayne Bonilla v. Unknown | filed 09/05/18 | |
| [2:18-cv-07735-DMG-JPR](#) | Steven Wayne Bonilla v. Jacquelyn H. Duffy | filed 09/05/18 | |
| [2:18-cv-07737-DMG-JPR](#) | Steven Wayne Bonilla v. Brian Hill et al | filed 09/05/18 | |
| [2:18-cv-08252-DMG-JPR](#) | Steven Wayne Bonilla v. Ventura County | filed 09/24/18 | |

| | | |
|---|---|---|
| <u>2:18-cv-08253-DMG-JPR</u> | Steven Wayne Bonilla v. Los Angeles County | filed 09/24/18 |
| <u>2:18-cv-08256-DMG-JPR</u> | Steven Wayne Bonilla v. Riverside County | filed 09/24/18 |
| <u>2:18-cv-08259-DMG-JPR</u> | Steven Wayne Bonilla v. San Luis Obispo County | filed 09/24/18 |
| <u>8:18-cv-00207-DMG-JPR</u> | Steven Wayne Bonilla v. Orange County et al | filed 02/06/18   closed 02/13/18 |

# Select A Case

**Steven Wayne Bonilla is a petitioner in 4 cases.**

| | | | |
|---|---|---|---|
| [2:18-cv-01309-DMG-JPR](#) | Steven Wayne Bonilla v. Ventura County et al | filed 02/16/18 | closed 02/23/18 |
| [2:18-cv-01443-DMG-JPR](#) | Steven Wayne Bonilla v. San Luis Obispo County et al | filed 02/21/18 | closed 02/27/18 |
| [2:18-cv-02516-DMG-JPR](#) | Steven Wayne Bonilla v. Warden | filed 03/28/18 | closed 04/23/18 |
| [2:18-cv-03259-DMG-JPR](#) | Steven Bonilla v. All 58 Counties | filed 04/18/18 | closed 06/01/18 |

# Select A Case

### Steven Wayne Bonilla is a plaintiff in 19 cases.

| | | | |
|---|---|---|---|
| [2:18-cv-04019-UA](#) | Steven Wayne Bonilla v. Jean P. Rosenbluth | filed 05/14/18 | closed 06/29/18 |
| [2:18-cv-04194-DMG-JPR](#) | Steven Wayne Bonilla v. William C. Ryan | filed 05/18/18 | closed 05/25/18 |
| [2:18-cv-04715-DMG-JPR](#) | Steven Wayne Bonilla v. Raimundo Motes De Oca | filed 05/29/18 | closed 06/01/18 |
| [2:18-cv-05019-DMG-JPR](#) | Steven Wayne Bonilla v. Chad Firetag | filed 06/06/18 | closed 06/11/18 |
| [2:18-cv-05020-DMG-JPR](#) | Steven Wayne Bonilla v. Cheri T. Pham | filed 06/06/18 | closed 06/11/18 |
| [2:18-cv-05021-DMG-JPR](#) | Steven Wayne Bonilla v. Elaine M. Kiefer | filed 06/06/18 | closed 06/11/18 |
| [2:18-cv-05022-DMG-JPR](#) | Steven Wayne Bonilla v. R. Glenn Yabuno | filed 06/06/18 | closed 06/11/18 |
| [2:18-cv-05023-DMG-JPR](#) | Steven Wayne Bonilla v. Gregory S. Tavill | filed 06/06/18 | closed 06/11/18 |
| [2:18-cv-05024-DMG-JPR](#) | Steven Wayne Bonilla v. Charles E. Stafford | filed 06/06/18 | closed 06/11/18 |
| [2:18-cv-06574-DMG-JPR](#) | Steven Wayne Bonilla v. Nancy Alvarez et al | filed 07/31/18 | closed 08/17/18 |
| [2:18-cv-06576-DMG-JPR](#) | Steven Wayne Bonilla v. Kevin J. Lane et al | filed 07/31/18 | closed 08/17/18 |

| | | | |
|---|---|---|---|
| 2:18-cv-07075-UA | Steven Wayne Bonilla v. Dolly M. Gee et al | filed 08/15/18 | closed 10/04/18 |
| 2:18-cv-07230-DMG-JPR | Steven Wayne Bonilla v. R. Loupe et al | filed 08/17/18 | closed 08/21/18 |
| 2:18-cv-07603-DMG-JPR | Steven Wayne Bonilla v. Unknown | filed 08/30/18 | |
| 2:18-cv-07606-DMG-JPR | Steven Wayne Bonilla v. Unknown | filed 08/30/18 | |
| 2:18-cv-07607-DMG-JPR | Steven Wayne Bonilla v. Unknown | filed 08/30/18 | |
| 2:18-cv-07725-DMG-JPR | Steven Wayne Bonilla v. Cheri T. Pham | filed 09/05/18 | |
| 2:18-cv-07726-DMG-JPR | Steven Wayne Bonilla v. Firetag et al | filed 09/05/18 | |
| 2:18-cv-08869-DMG-JPR | Steven Wayne Bonilla v. Los Angeles County, et al | filed 10/15/18 | |

10/30/2018, 10:51 AM

# Select A Case

**Steven Wayne Bonilla is a plaintiff in 4 cases.**

2:18-cv-07724-DMG-JPR   Steven Wayne Bonilla v. Glenn Yabuno et al     filed 09/05/18

2:18-cv-08255-DMG-JPR   Steven Wayne Bonilla v. San Bernardino County   filed 09/24/18

2:18-cv-08257-DMG-JPR   Steven Wayne Bonilla v. Orange County     filed 09/24/18

2:18-cv-08258-DMG-JPR   Steven Wayne Bonilla v. Santa Barbara County   filed 09/24/18